IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 06-cr-00431-MSK

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ROBERT JOSE CERVANTES, JR.,

    Defendant.

## ORDER REGARDING DEFENDANT CERVANTES' MOTION TO SET BOND

Magistrate Judge Craig B. Shaffer

    THIS MATTER comes before the court on Defendant Robert Jose Cervantes, Jr.'s Motion to Set Bond (doc. # 163), filed on December 19, 2006. In his motion, Defendant Cervantes asks the court "for entry of an Order setting a reasonable bond" pursuant to 18 U.S.C. § 3145 and Fed.R.Crim.P.46. This court held a hearing on the pending motion on January 2, 2007. For the reasons set forth on the record on January 2, 2007 and as more fully explained herein, Defendant Cervantes' motion is denied.

    This court held a detention hearing on October 27, 2006. Defendant Cervantes was present at that hearing, along with his court-appointed defense counsel. In the course of that hearing, the court took judicial notice of the information contained in the Pretrial Services Report and carefully considered the comments of Defendant Cervantes' counsel. In particular, the court

noted Defendant's decision not to contest the government's request for pretrial detention. Based on the foregoing information and representations, the court concluded that Defendant Cervantes had not rebutted the applicable presumption set forth in the Bail Reform Act, under which

> it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 *et seq.*) . . .

18 U.S.C. § 3142(e). The court found, by a preponderance of the evidence, that no condition or combination of conditions of release would reasonably assure Defendant Cervantes' appearance at further proceedings, and found, by clear and convincing evidence, that no condition or combination of conditions would reasonably assure the safety of the community.[1]

The pending motion asks the court to set reasonable conditions of release based upon the following information: (1) Defendant is a United States citizen and life-long resident of Colorado; (2) Defendant completed the 11th grade and obtained his General Equivalency Diploma; (3) Defendant is 33 years old; (4) if released, Defendant would reside with his mother and grandmother in Greeley, Colorado and would submit to electronic monitoring while on release; (5) Defendant believes he could obtain employment in the construction industry while on release; and (6) Defendant is willing to abide by all standard conditions of pretrial release. During the motion hearing on January 2, 2007, defense counsel also advised the court that Defendant

---

[1] The court prepared and forwarded electronically to the Clerk of the Court a written Order of Detention on October 30, 2006, which set forth my findings of fact and included a written statement of the reasons for my decision to detain Defendant Cervantes. It appears that my Order of Detention was inadvertently omitted from the criminal docket for this case and then was deleted from the District Court's electronic files. This court prepared a new Order of Detention on January 3, 2007, which was issued *nunc pro tunc*. That Order of Detention is incorporated herein by reference.

Cervantes' mother was present in the courtroom and would be willing to ensure that her son abides by all conditions of release and would assure the Defendant's presence at all future proceedings in this case.

The Bail Reform Act provides that a pretrial detention hearing may be reopened, either before or after a determination by the judicial officer, only if

> the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f)(2). "This provision has been construed 'strictly' so as to deny a reopening when the evidence was available at the prior hearing." *United States v. Wittenmyer*, 2001 WL 968406, *3 (D. Kan. 2001).

Upon careful review, it appears that the information presented in Defendant Cervantes' motion was available to Defendant Cervantes at the time of the detention hearing on October 27, 2006. The Pretrial Services Report, dated October 27, 2006, thoroughly identified Defendant's ties to Colorado and the Greeley community, as well Defendant's educational background. That same report indicated that Defendant's current employer "would allow [Defendant] to resume his employment . . . if he were to be released on bond." As of October 27th, both defense counsel and the court were aware of Defendant's age and citizenship. Defense counsel was aware of the standard conditions of bond utilized in the District of Colorado, and presumably could have discussed those conditions with his client. The court is not convinced that Defendant's motion is predicated on new information that was not known to Defendant Cervantes at the time of the October 27th hearing. *Cf. United States v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989) (holding that

defendant's proffered testimony from his mother, sister and a friend was not "new information" within the meaning to § 3142(f)); *United States v. Ward*, 235 F. Supp.2d 1183, 1185 (N.D. Okl. 2002) (in denying a motion to reopen the issue of pretrial detention, observed that "the proffered information about Defendant's background, ties to the community and employment history were all known" at the time of the detention hearing).  I find in this case that Defendant Cervantes has not satisfied the prerequisites for relief under § 3142(f)(2) and will deny his motion on that basis.

Even if the court were to characterize defense counsel's proffer as "new information," the weight of that information is not sufficient to warrant a different result on the issue of pretrial detention.  "The mere presentation of some evidence contrary to the presumption in § 3142(e) does not automatically destroy it and, 'in making its ultimate decision, the court may still consider the finding by Congress that drug offenders pose a special risk of flight and dangerousness to society." *United States v. Bennett*, 1995 WL 25412 (6th Cir. 1995), quoting *United States v. Hare*, 873 F.2d at 798.  My *nunc pro tunc* Order of Detention noted that Defendant Cervantes does not have a well-established history of consistent employment.  Defendant's criminal history shows prior instances where Mr. Cervantes apparently was unwilling to comply with orders issued by criminal courts.  Defendant Cervantes also has two prior felony convictions for drug offenses and some history of prior drug abuse.  Finally, the court must acknowledge the substantial penalties that could be imposed if Defendant Cervantes was found guilty of any of the charged offenses in this case.  *Compare United States v. Carlos*, 777 F. Supp. 858, 861 (D. Kan. 1991) (holding that defendant had failed to rebut the statutory presumption despite his lifelong residency in the area, his alleged lack of any place to run to, and his mother's willingness to act as third-party custodian).

Accordingly, I conclude that Defendant's motion does not present heretofore unavailable information or sufficient material information to warrant re-opening the question of pretrial detention. For the foregoing reasons, Defendant's Motion to Set Bond is DENIED.

DATED this 3rd day of January, 2007.

BY THE COURT:

s/ Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge